On appellant's motion for relief from default and for extension of time filed June 22, 1993, motion for relief from default and extension of time denied and request for certification of attorney fees denied March 9, 1994

In the Matter of
Daniel D. Blomquist, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY,
Children's Services Division
and Daniel D. Blomquist,
*Respondents,*

*v.*

Kendra BLOMQUIST,
*Appellant.*

(90-415; CA A75976)

870 P2d 238

Diane M. DePaolis for motion.

Before Riggs, Presiding Judge, Richardson, Chief Judge, and De Muniz, Judge.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Mother appealed from a dispositional order of a juvenile court, pursuant to ORS 419.561, and counsel was appointed to represent her on appeal. ORS 419.563. Counsel filed a request for certification of compensation under ORS 138.500(4) for representing mother. The certification request was untimely and counsel moved for relief from default. The only issue is whether the motion for relief should be granted and compensation allowed.

ORS 138.500(4) provides that a request for compensation shall be filed not later than 21 days after the date of the court's decision. The date of the court's decision was March 24, 1993. Consequently, the request for court-appointed attorney compensation was due no later than April 14, 1993. The appellate judgment[1] was entered June 7, 1993, and counsel's request for compensation was filed June 16, 1993, 63 days late.

We notified counsel that the certification was not timely and requested that a motion for relief from default and for an extension of time should be submitted within 14 days. Within 14 days, counsel moved for relief from default and for an extension of time from the due date, April 14, 1993, until the certification was actually filed on June 16. Counsel explained that she "erroneously calendared 21 days from [the date of the appellate judgment] as the due date for the Petition for Attorney Fees."

■    The 21-day time limitation in ORS 138.500(4) is not jurisdictional. That statute allows the court, in its discretion, to extend the time for filing the request for compensation. In *State ex rel Juv. Dept. v. Davis*, 126 Or App 641, 870 P2d 236 (1994), we discussed the procedures and requirements for seeking an extension of the time limitation or relief from default. We allowed counsel relief from default in *Davis* for good cause shown because, although the request was late, it was filed before the appellate judgment issued. ORAP 13.15(3)(c).

---

[1] The date of the appellate judgment is not the same as the date of the decision. *See* ORAP 14.05.

That rule also provides:

> "If a request for certification is filed after issuance of the appellate judgment, extraordinary circumstances excusing the filing of the late request for certification must be shown."

ORAP 13.15(3)(c) states a different criterion for allowing relief from default when the request is filed after the appellate judgment has issued. Jurisdiction of the Court of Appeals ends when the appellate judgment is issued. ORS 19.033(6).[2] The case in the Court of Appeals is effectively closed when the appellate judgment issues and, although the judgment can be recalled, such action creates a substantial administrative burden. Consequently, counsel must show that there are extraordinary circumstances that caused the delayed filing.

■    Counsel's only reason for filing the request after the appellate judgment had issued was that she mistakenly computed the time from the date of the judgment. A misreading of the statute, ORS 138.500(4), and the rule, ORAP 13.15(3), and a miscalculation by counsel or her staff are not "extraordinary circumstances" that excuses filing after the judgment.

Motion for relief from default and extension of time denied; request for certification of attorney fees denied.

---

[2] ORS 19.033(6) provides:

"Jurisdiction of the appellate court over a cause ends when a copy of the appellate judgment is mailed by the State Court Administrator to the court from which the appeal was taken pursuant to ORS 19.190, except that the appellate court may recall the appellate judgment as justice may require. After jurisdiction of the appellate court ends, all orders which may be necessary to carry the appellate judgment into effect shall be made by the court from which the appeal was taken."