On appellant's motion for relief from default and extension of time to file certification of court-appointed attorneys filed August 27, 1993, motion allowed March 9, 1994

In the Matter of
James Davis, a Minor Child.

## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

James DAVIS,
*Appellant.*

(8801-80214; CA A75483)

870 P2d 236

Stephen B. Herrell, Judge.

Theodore M. Brindle for motion.

Before Riggs, Presiding Judge, Richardson, Chief Judge, and De Muniz, Judge.

RICHARDSON, C. J.

## RICHARDSON, C. J.

In this appeal of a juvenile court matter, counsel was appointed for child under ORS 419.563. Counsel requested certification of compensation under ORS 138.500(4) for representing child in this appeal. The request was not filed on time and counsel moved for relief from default. The issue is whether the motion for relief should be granted and compensation allowed.

The case was submitted on June 16, 1993, and the date of the decision was July 14, 1993. ORS 138.500(4) provides that a request for compensation

> "shall be filed after the date of oral argument, or if there is no oral argument, after the date of submission of the appeal to the court for decision, but not later than the 21st day after the date of the decision of the appeal by the court or such further time as may be allowed by the court."

Consequently, the request for court-appointed compensation was due no later than August 4, 1993. The request for compensation was filed one day late, on August 5. We notified counsel in writing that the request was not timely and, consequently, he was in default. We requested that he file a motion for relief from default.

Counsel responded by moving for relief from default and an extension of time from the due date until the request was actually filed. Relief was justified, in counsel's words, "because on August 3rd and 4th, 1993 the firm's computer time-billing software program malfunctioned and the time sheet could not be generated."

■    The filing deadline in ORS 138.500(4) is not jurisdictional, because the statute also gives the court discretion to extend the time for filing. The Oregon Rules of Appellate Procedure set out some of the procedures and criteria for extensions of time and for relief from default. ORAP 13.15(3)(c) provides:

> "The court may extend the time for filing the request for certification or grant relief for failure timely to file a request for certification, for good cause shown. If a request for certification is filed after issuance of the appellate judgment, extraordinary circumstances excusing the filing of the late request for certification must be shown."

If counsel anticipates not being able to meet the statutory deadline, then counsel should move for an extension of time before the deadline arrives. If the request for certification is not timely filed, the court will not consider it unless relief from default is requested and granted. If the deadline is not met, counsel should promptly seek relief from default.

If a request for compensation is late, we endeavor to notify counsel about the necessity to move for relief from default and allow a period of time for compliance. If the motion for relief from default is not received and allowed, the request for compensation will be denied and counsel must then seek reconsideration pursuant to ORAP 13.15(8)(b).

We appreciate that counsel is entitled to compensation for representing an indigent person under ORS 138.500(4). However, the statutes and Rules of Appellate Procedure mandate certain time limits and procedures that must be met before a request for court-appointed attorney fees can be allowed. Counsel must substantially comply with the rules and statutes. The requirements are not onerous and, considering the importance to counsel of the request for compensation, counsel ought to devote some earnest attention to the task.

The court must make judicial decisions not only about the amount of the compensation but also about whether the request is properly filed. Although we have considerable discretion, we cannot abdicate that judicial responsibility. Counsel also has a responsibility to provide sufficient information with the motions for extension of time, for relief from default, or to excuse filing after the appellate judgment issued, for the court to make a responsible decision. ORAP 13.15 spells out in some detail when the petition must be filed and what it must contain. Attorneys who accept appointments are well advised to begin by reading the statutes and rules about how they can get compensated for their services and attempt to follow them.

■ Ordinarily we would not issue an opinion to rule on a motion for relief from default; however, because we receive a significant number of attorney fee requests that do not comply with the time limits of ORS 138.500(4), we concluded that it was necessary to reiterate what the statutes and rules

clearly provide. Because of the myriad circumstances that may cause a petition to be late, we can give little guidance as to what may be good cause for a late filing or may be exceptional circumstances excusing a filing after the appellate judgment has issued. But, we take into account how late the request is, if filed before entry of judgment, and how promptly counsel seeks to cure the problem, as well as the reasons given for the delay.

■ Here, the request for certification was only one day late and counsel responded promptly by a motion for relief from default with a satisfactory explanation for the delay. No other party is prejudiced by the short delay, and the additional administrative task attendant on the delay is not burdensome.

The motion for relief from default and for an extension of time to file the request for certification of compensation is allowed.

Motion allowed.